**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2832
_____

TONY LEE MUTSCHLER,

                                         Appellant

v.

BRENDA L. TRITT, Facility Manager;
MR. A. KOVALCHIK, Department Superintendent;
MS. SHARON LUQUIS, Hearing Examiner;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ROBIN M. LEWIS; C.O. ALSHESKI; MR. LYNCH
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cv-01611)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2016
Before:  GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: April 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tony Lee Mutschler, an inmate at the State Correctional Institution at Frackville, Pennsylvania ("SCI Frackville"), appeals from an order of the United States District Court for the Middle District of Pennsylvania. That order granted the Defendants' motion to dismiss his civil rights complaint with prejudice for failure to state a claim upon which relief could be granted. While we agree that Mutschler's complaint is inadequate, we will vacate the District Court's order and remand with instructions to allow Mutschler the opportunity to amend his complaint.

In his initial complaint, Dkt. #1, Mutschler sued SCI Frackville's Superintendent and facility manager, a department superintendent, and a hearing examiner. He alleged that his due process rights were violated when he was denied the right to call witnesses on his behalf "and have evidence" at a misconduct hearing on April 8, 2014. He also alleged that there were "incomplete records" and an "incomplete investigation." Mutschler's complaint did not provide a misconduct number, a description of the misconduct charged, or explain the sanction that he received. He alleged that if he had been found not guilty of the misconduct, he would have been eligible for parole. He also alleged (without explanation) that the prison officials' responses were untimely.

Before the Defendants answered the complaint, Mutschler filed a "petition in supplemental complaint," adding four defendants. Dkt. #9. He alleged that two of these added prison official defendants deprived him of his due process rights by lying "on a

2

government document by false report and signing to it."[1]  Dkt. #9 at 2.  He mentioned the

word "retaliation" several times in the supplement, but the only concrete allegation

regarding retaliation stated:

> Because of recent events and continuing retailation there is another suit that
> will be filed separate from this suit is for the beating I received with my
> hands cuffed behind my back this type of retaliation continues because I
> made swore statements against staff here in this falicity that I personaly
> witness and was expected to look the other way and I did not.

Dkt. #9 at 3 (misspellings in original).

The District Court construed Mutschler's complaint as consisting of the original

filing (Dkt. #1) and the supplement (Dkt. #9).  Dist. Ct. Order, Dkt. #10.  The Defendants

filed a motion to dismiss, arguing that Mutschler's claims should be dismissed for three

reasons:  (1) claims against four of the defendants should be dismissed because he failed

to allege personal involvement; (2) his retaliation claims, due process claims, and Eighth

Amendment claims should be dismissed for failure to state a claim upon which relief can

be granted; and (3) any claims for money damages against the Defendants acting in their

official capacities were barred by the Eleventh Amendment.  Mutschler filed a response

in opposition to the motion and also moved for appointment of counsel and for discovery.

The District Court denied Mutschler's motions and granted the Defendants'

motion to dismiss.  The Court observed that Mutschler failed to allege personal

involvement of several defendants, and held that "participation in the after-the-fact

---

[1] Mutschler also mentioned "cruel and unusual punishment" without explaining exactly
what that punishment was.

3

review of a grievance is not enough to establish personal involvement." Dist. Ct. Op. at 5-6, Dkt. #34 (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), and Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988)). As for his due process claims, the Court, citing Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000), held that Mutschler had "fail[ed] to articulate a sufficient liberty interest to trigger a valid due process claim" because he did not claim that he was subject to atypical or significant hardships. The Court noted that he was sanctioned only to 180 days of disciplinary confinement,[2] and that he did "not raise any claims that the conditions of his confinement in disciplinary segregation were significantly more restrictive than those imposed on other inmates in solitary confinement." Dist. Ct. Op., Dkt. #34 at 10. The Court noted that to the extent he claimed that the sanction negatively impacted his parole chances, inmates do not have a liberty interest under Pennsylvania law or the United States Constitution in being

---

[2] The District Court referred to Mutschler's attachment to a filing titled "Brief in supporting Plaintiff's Claim to Show Merit to Proceeded to Jury Trial at this time, without further delay," which included his grievance forms and responses. Dkt. #28-2. One response notes that he was sanctioned with 180 days of disciplinary confinement, which the District Court found was not an atypical or significant hardship. As noted, Mutschler did not include any details regarding the misconduct in his complaint or supplement to the complaint. However, we have recognized that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004) (internal quotation marks omitted). That the District Court relied on documents that Mutschler produced after the briefing on the motion to dismiss had been completed gives us some pause. But there is no evidence that the Defendants were prejudiced by the Court's reference to these documents, to which they presumably had ready access.

4

released on parole before their sentences expire. Id. (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)). Finally, as to the retaliation claim, the Court noted that Mutschler appeared to be planning to raise the retaliation claim in a separate lawsuit, but that to the extent he sought to raise the claim in the current complaint, it was "wholly inadequate," as there were no facts alleging that he was engaged in any constitutionally protected conduct. Id. at 13. Mutschler timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's October 9, 2014 order dismissing Mutschler's complaint. We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

We agree with the District Court that the complaint, as filed, does not state a claim upon which relief may be granted. As the Court noted, a prisoner's civil rights complaint cannot be based on respondeat superior. See Parkell v. Danberg, 833 F.3d 313, 330 (3d

5

Cir. 2016).[3]  And we agree that Mutschler's complaint did not make out a due process claim, as the complaint failed to include facts that suggest that he experienced disciplinary sanctions that involved a protected liberty interest.  See Smith v. Mensinger, 293 F.3d 641, 652 (3d Cir. 2002) (upholding district court's conclusion that seven months' disciplinary time did not constitute due process violation); Fantone v. Latini, 780 F.3d 184, 188-90 (3d Cir. 2015) (inmate did not have protected liberty interest where he was confined in restricted housing unit for 35 days, which caused state parole board to rescind his parole grant, as those factors "did not, either alone or in combination, create atypical and significant hardship in relation to the ordinary incidents of prison life"); see also Burns v. Pa. Dep't of Corr., 642 F.3d 163, 171 (3d Cir. 2011) ("[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest.").  And we agree that Mutschler's retaliation claims, to the extent he sought to raise them in the current proceedings, were undeveloped.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (setting forth elements of retaliation claim).

But if a complaint is vulnerable to dismissal, a district court generally must first

---

[3] In other words, supervisors are not vicariously liable for their subordinates' acts.  But supervisory liability is allowed if the plaintiff shows that the supervisors "established and maintained a policy, practice or custom which directly caused the constitutional harm," or "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." Id.  Thus, Mutschler's complaint did not state a claim against Defendants John Wetzel and Robin Lewis, as his complaint did not mention any action on the part of those defendants.

6

permit the plaintiff to file a curative amendment.[4]  See Fletcher-Harlee Corp. v. Pote

Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (observing that in civil

rights cases, "leave to amend must be granted sua sponte before dismissing" the

complaint).  "Dismissal without leave to amend is justified only on the grounds of bad

faith, undue delay, prejudice, or futility."  Alston v. Parker, 363 F.3d 229, 236 (3d Cir.

2004).  The District Court did not give Mutschler an opportunity to amend his complaint,

nor did it indicate that any amendment would be inequitable or futile.  After reviewing

Mutschler's filings, we conclude that it would not be futile to allow Mutschler to amend

his complaint.[5]

---

[4] Appellees failed to address this issue in their brief, despite the Clerk's briefing instructions.

[5] We note that Mutschler did not have the opportunity, for example, to amend his complaint to allege that the sanctions he experienced were somehow atypical or significant.  Cf. Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005) (indefinite detention in extremely restrictive housing, with no parole eligibility, could infringe on inmate's liberty interests).  We also note that it appears that Mutschler alleges that he was sanctioned for writing his autobiography, which was construed by the prison to be child pornography.  Mutschler alleges in his brief here that he was writing the story as part of his mental health therapy.  His allegations raise some interesting issues about the tension between a prisoner's First Amendment right of expression, his Eighth Amendment right to mental health treatment, and the prison's legitimate penological objectives.  See, e.g., Pell v. Procunier, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."); Brown v. Plata, 563 U.S. 493, 500, 510-11 (2011) (Eighth Amendment requires prisons to provide adequate mental health care).  And, as the District Court recognized, it is not entirely clear whether Mutschler was attempting to raise retaliation claims in the current complaint.  On remand, Mutschler should have the opportunity, if he wishes, to amend his complaint to address these issues.

While we affirm the District Court's order in large measure, we will vacate the order and remand so that the District Court can grant Mutschler an opportunity to file an amended complaint.