ALD-120                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3086
_____

TONY LEE MUTSCHLER,
                                    Appellant

v.

BRENDA LYNN TRITT, Facility Manager;
MR. A. KOVALCHIK, Department Superintendent;
MS. SHARON LUQUIS, Hearing Examiner;
C.O. ALESHESKI; MR. LYNCH, Correction Officer;
STARLING; JONES; SHULTZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 14-cv-01611)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2019
Before:  MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: April 3, 2019)
_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Tony Mutschler appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his civil rights complaint. We will affirm the District Court's judgment.

Mutschler, a Pennsylvania state prisoner, raised claims in his complaint arising from a prison cell search at the State Correctional Institution in Frackville, Pennsylvania. On March 23, 2014, two correctional officers searched Mutschler's cell and confiscated an "autobiography" written by Mutschler and 48 books which were alleged to be prison property. Mutschler was placed in restricted housing (the "RHU"). On March 25, Mutschler was issued a misconduct charging him with possession of contraband (the 48 books). On April 1, the charge was dismissed because the books were determined to be Mutschler's personal property. But on the same day, a second misconduct was issued based on the autobiography, charging that it was contraband, as it constituted sexual material.[1] Mutschler alleged that Officers Lynch and Alesheski lied by telling the hearing examiner for the second misconduct that he refused to appear at the misconduct hearing. Mutschler was found guilty of the second misconduct at a hearing on April 8. He was sanctioned with 180 days in the RHU.

In his amended complaint (Dkt. #52), Mutschler sued various prison employees, alleging that he was denied due process (including the right to call witnesses, present

---

[1] Mutschler alleged that he was writing his autobiography to inform the prison's mental health staff about his background.

2

evidence, and have his case determined on a complete record), that he was denied the right to be considered for parole, and that prison officials retaliated against him.[2] The Defendants filed a motion to dismiss; Mutschler did not respond. The District Court granted the Defendants' motion and Mutschler timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contained "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The District Court properly dismissed Mutschler's due process claims, as he failed to allege that he was deprived of a protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484 (1995). Mutschler's due process claims stem from his disciplinary sanction of 180 days' confinement in the RHU. In a previous appeal, we noted that Mutschler's original complaint did not make out a due process claim, see Mutschler, 685 F. App'x at 170, and his amended complaint similarly does not allege that any conditions of that confinement involved an atypical and significant hardship sufficient to create a protected liberty interest, see Sandin, 515 U.S. at 484. We have held that even longer stays in

---

[2] In July 2015, the District Court dismissed Mutschler's first complaint (and supplement) for failure to state a claim upon which relief could be granted. Dkt. #35. Mutschler appealed and we "affirm[ed] the District Court's order in large measure," but vacated the order and remanded so that the District Court could grant Mutschler an opportunity to file an amended complaint. See Mutschler v. Tritt, 685 F. App'x 167, 171 (3d Cir. 2017) (per curiam, not precedential) (C.A. No. 15-2832). On remand, Mutschler filed the amended complaint we consider here.

restrictive confinement under otherwise similar circumstances did not implicate a prisoner's liberty interests. See Smith v. Mensinger, 293 F.3d 641, 652-54 (3d Cir. 2002) (seven months in disciplinary confinement). To the extent that Mutschler raised due process claims based on the Defendants' handling of his grievances and appeals, those too fail because access to prison grievance procedures is not constitutionally required. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.").

To the extent he asserts that a loss of parole resulted from the misconduct charge, Mutschler similarly was not deprived of a protected liberty interest. A "protected liberty interest may arise from only one of two sources: the Due Process Clause or the laws of a state." Asquith v. Dep't of Corr., 186 F.3d 407, 409 (3d Cir. 1999). The United States Constitution does not itself establish a liberty interest in parole. Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). And in Pennsylvania, "a prisoner does not have a protected liberty interest, or due process rights, in parole until the inmate is actually released on parole." Nieves v. Pa. Bd. of Prob. & Parole, 995 A.2d 412, 418 (Pa. Commw. Ct. 2010), aff'd, 33 A.3d 1260 (Pa. 2011) (per curiam). See also Fantone v. Latini, 780 F.3d 184, 190-91 (3d Cir. 2015) (concluding that an inmate did not have protected liberty interest where he was confined in RHU for 35 days, which caused the state parole board to rescind his parole grant, as those factors "did not, either alone or in combination, create atypical and significant hardship in relation to the ordinary incidents of prison life").

4

Mutschler also failed to adequately plead a retaliation claim. Mutschler was required to allege that the conduct provoking the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of the prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and that the constitutionally protected conduct was a substantial or motivating factor in the defendants' conduct. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)). Mutschler's allegation that he "signed [a] sworn statement" against one of the Defendants in a civil suit arguably meets the requirement of showing that he engaged in constitutionally protected conduct. But his amended complaint did not contain any information about when that occurred, and whether or how that might have motivated two *other* Defendants to alter Mutschler's "autobiography" in retaliation.[3] Further, Mutschler did not provide any information that would allow a factfinder to conclude that the adverse action that he suffered (being found guilty of a misconduct and serving 180 days in the RHU) occurred for some retaliatory reason, rather than for his possession of sexually explicit material.

Finding no substantial question presented by this appeal, we will affirm the District Court's judgment. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[3] Mutschler alleged that the officers deliberately left off the first page of his autobiography, which explained why he was writing the story. Mutschler did *not* allege that prison mental health officials asked him to write the story as part of a treatment plan.

5